IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK A. BOOSE,
    Petitioner,

vs.                                               Case No.:  5:11cv310/MMP/EMT

CHRISTOPHER ESP,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss and relevant portions of the state court record (doc. 19).  The court directed Petitioner to file a response to the motion (doc. 20), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 19).[1]  On February 19, 1991, Petitioner was convicted in the Circuit Court in

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 19).

and for Bay County, Florida, Case No. 90-1583-CF, of one count of armed robbery and sentenced to seventeen (17) years of imprisonment followed by five (5) years of probation, with pre-sentence jail credit of 253 days (Ex. B). He did not appeal the judgment (doc. 1 at 2).

Petitioner was released from prison on May 22, 1999, and on September 21, 2000, a warrant issued for violation of probation ("VOP") (*see* Ex. C at 4, Ex. F, Affidavit for Violation of Probation, Warrant). The Bay County Sheriff's Office forwarded a copy of the warrant to the Mississippi Bureau of Narcotics on October 10, 2000, requesting that Petitioner be held without bond if arrested (doc. 1 at 6, attached exhibit). On October 18, 2000, Petitioner was arrested by Mississippi authorities for delivery of a controlled substance (*see* Ex. C at 2). Petitioner was detained at the Harrison County Detention Center in Gulfport, Mississippi, where he was advised of the existence of the VOP warrant (doc. 1 at 6). On October 15, 2001, Petitioner was sentenced as a habitual offender to twenty-five (25) years of imprisonment without the possibility of parole on the Mississippi charge (*see* Ex. E).

On April 20, 2005, Petitioner filed a Motion for Post-Conviction Collateral Relief, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, in the Bay County Circuit Court (Ex. C). Petitioner contended the State of Florida's failure to extradite him for resolution of the VOP violated his federal rights to due process and equal protection (*id.*). He sought extradition to the State of Florida for a VOP hearing, credit on his probationary sentence for the time he was detained and incarcerated in Mississippi, and issuance of a certificate of discharge from probation (*id.*). The state circuit court summarily denied the motion on May 13, 2005 (Ex. N). Petitioner did not appeal the decision.

On August 17, 2010, Petitioner filed a Motion for Consideration in the Bay County Circuit Court seeking disposition of the VOP (Ex. E). The state circuit court construed the motion as a Motion for a Violation of Probation Disposition and summarily denied it on September 8, 2010 (Ex. F). Petitioner filed a motion for reconsideration, which the court denied on November 1, 2010 (Ex. G, H). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-6253 (Ex. I). On January 21, 2011, the First DCA dismissed the appeal for Petitioner's failure to comply with a previous order directing him to pay the filing fee or submit an order of insolvency from the lower court (Ex. J). On July 25, 2011, Petitioner filed a motion to reinstate the appeal (Ex. K). On August 26, 2011, the First DCA denied the motion for Petitioner's

failure to comply with an order issued July 22, 2011, directing him to serve a copy of the motion for reinstatement on the Florida Attorney General and file a supplemental certificate of service within ten (10) days (Exs. L, M).

Petitioner filed the instant federal habeas action on September 6, 2011 (doc. 1).

## II.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id., 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

---

[2] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
      (A) the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that

---

[3] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

Case No.: 5:11cv310/MMP/EMT

does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id., 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[4]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . .

---

[4] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. Id.

.," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir.

1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[5] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. Id. The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. Id.

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

---

[5] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Case No.: 5:11cv310/MMP/EMT

*Id.*

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

<u>Ground One: "Refusing to grant the petitioner his Certificate of Completion of Sentence of his probationary period."</u>

Petitioner contends the State of Florida failed to fulfill its obligation to extradite him for the VOP (doc. 1 at 5–6). He requests disposition of the VOP and a certificate of completion of probation (*id.* at 8).

Respondent contends Petitioner failed to present a cognizable federal habeas claim (doc. 19 at 2–4). Respondent argues there is no recognized federal right to prompt resolution of a violation of probation, and even if Petitioner had invoked the Interstate Agreement on Detainers Act ("IADA"), which he did not, the Supreme Court held that the IADA does not apply to probation violations (*id.*). Respondent additionally contends Petitioner failed to properly exhaust his claim, and the claim is now procedurally barred (*id.* at 4–8).

The state court record demonstrates that Petitioner raised this claim in his Rule 3.800(a) motion. However, Petitioner did not appeal the circuit court's denial to the First DCA and thus failed to properly present his claim to the state courts in that postconviction proceeding. Petitioner again presented his claim in his Motion for Consideration. The state circuit court again denied it, and this time, Petitioner appealed the decision the First DCA. However, the First DCA disposed of the appeal on the independent and adequate state ground of procedural bar, that is, Petitioner's failure to comply with the court's order. Further, the First DCA denied Petitioner's attempt to reinstate the appeal on the same procedural ground, that is, Petitioner's failure to comply with the court's order. Any attempt to return to state court to exhaust the claim would be futile, since any such attempt would be deemed an impermissible successive attempt to raise a claim previously adjudicated by the state court. Therefore, the claim is procedurally defaulted.

As discussed *supra*, to overcome a procedural default such that this court may consider the merits of his claims, Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. <u>Tower</u>, 7 F.3d at 210; <u>Parker</u>, 876 F.2d 1470. Petitioner has not alleged cause for his default; nor has he alleged he is entitled to review of his claim through the

"fundamental miscarriage of justice" exception to the procedural bar.  Therefore, his claim is procedurally barred for purposes of federal habeas.

Notwithstanding the exhaustion issue, Petitioner is not entitled to federal habeas relief.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  The failure to hold a hearing or resolve the detainer for violation of Petitioner's Florida probation, while he is still serving his Mississippi sentence, does not state a violation of due process or federal law.[6]  Petitioner has no constitutional right to have his probation violation resolved prior to completion of his current sentence.  *See* Carchman v. Nash, 473 U.S. 716, 731 n. 10, 105 S. Ct. 3401, 1087 L. Ed. 2d 516 (1985) (a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence). Article III of the Interstate Agreement on Detainers Act, establishing a procedure for a prisoner held in one party state to demand speedy disposition of untried charges from another party state on charges lodged as a detainer, does not apply to parole or probation violation detainers.  *See* Carchman, 473 U.S. at 727–28; U.S. v. Romero, 511 F.3d 1281, 1284 (10th Cir. 2008) (citation omitted); U.S. v. Jakowski, 771 F.2d 70, 73 (3d Cir. 1985); *see also, e.g.*, U.S. v. Brown, No. 1-1570, 2012 WL 1574124, at *2 (7th Cir. May 7, 2012); Hopkins v. Ky. Parole Bd., 875 F.2d 864 (6th Cir. 1989) (unpublished); Vuorela v. State of Md., 867 F.2d 610 (4th Cir. 1989) (unpublished); Maddox v. Cummins, 4:08cv250/RH/WCS, 2009 WL 5063013, at *2 (N.D.  Fla. Dec. 15, 2009).

To the extent that Petitioner challenges the validity of the probation revocation which has not occurred, he must wait to raise his defenses in connection with the Florida revocation hearing.  *See* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (emphasizing "that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court

---

[6] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. *See* Carchman, 473 U.S. at 719.

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 19) be **GRANTED**.
2. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of July 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:11cv310/MMP/EMT